1   STAN S. MALLISON (Bar No. 184191)
        StanM@TheMMLawFirm.com
2   HECTOR R. MARTINEZ (Bar No. 206336)
        HectorM@TheMMLawFirm.com
3   JUAN GAMBOA (Bar No. 327352)
        JGamboa@TheMMLawFirm.com
4   MALLISON & MARTINEZ
    1939 Harrison Street, Suite 730
5   Oakland, California 94612-3547
    Telephone: (510) 832-9999
6   Facsimile: (510) 832-1101

7   Attorneys for Plaintiff

8

9                    **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA—DISTRICT OF SAN JOSE**

11

12

13   Plaintiff JUANA GARCIA, individually and
     acting on behalf of a class of similarly situated
14   individuals, and representing the State of
     California pursuant to the California Labor Code
15   Private Attorneys General Act,

16                      Plaintiff,

17            vs.

18   DIN TAI FUNG RESTAURANT, INC., DIN TAI
     FUNG (SF) RESTAURANT, LLC, SELENA
19   SOTO, and ANTONIO [LNU] individually; and
     DOES 1 through 40, inclusive,
20
                        Defendants.
21

22

23

24

25

26

27

28

Case No. ___5:20-cv-2919_____

CLASS ACTION COMPLAINT:

1. Violation of the Fair Labor Standards
   Act: Failure to Pay Overtime Wages
2. Failure to Pay Minimum Wages
3. Failure to Pay Overtime Wages
4. Failure to Pay Reporting Time Pay
5. Failure to Provide Rest Periods or Pay
   Additional Wages in Lieu Thereof
6. Failure to Provide Meal Periods or Pay
   Additional Wages in Lieu Thereof
7. Failure to Pay All Wages Earned at
   Termination or Resignation
8. Violation of Unfair Competition Law
9. Enforcement of the California Labor
   Code Private Attorneys General Act
10. Failure to Timely Produce Employment
    Records Upon Request

DEMAND FOR JURY TRIAL

1. Plaintiff JUANA GARCIA ("Plaintiff") brings this action against DIN TAI FUNG RESTAURANT INC., DIN TAI FUNG (SF) RESTAURANT, LLC, SELENA SOTO, and ANTONIO [Last Name Unknown or "LNU"] individually, and DOES 1 through 40, inclusive, individually and on behalf of all Class Members employed under common circumstances and facts. The allegations made in this Complaint are based on the knowledge of Plaintiff JUANA GARCIA except those allegations made on information and belief, which are based on the investigation of her counsel.

## I. NATURE OF THE ACTION

2. This is a wage and hour class action to vindicate the rights afforded employees by federal and California labor law. This action is brought by Plaintiff JUANA GARCIA for herself and on behalf of a Class of similarly situated individuals against Defendants for systemic violations of federal and California labor law. Plaintiff JUANA GARCIA's California Private Attorneys General Act, Labor Code §§ 2698 *et seq.* ("PAGA") claim is brought as an enforcement action for penalties and other remedies on behalf of the State of California and current and former employees as expressly permitted by that statute. All PAGA administrative requirements have been met for this purpose prior to service of this complaint.

3. This action revolves around the systemic failure by Defendants to pay California non-exempt employees, including Plaintiff and the Class, in conformance with federal and California law. Defendants DIN TAI FUNG RESTAURANT, INC., DIN TAI FUNG (SF) RESTAURANT LLC and DOES 1 through 40 employed Plaintiff and the Class directly and/or are liable under California Labor Code § 558.1 and are referred collectively herein as "EMPLOYER DEFENDANTS." Plaintiff alleges that Defendants DIN TAI FUNG RESTAURANT INC., DIN TAI FUNG (SF) RESTAURANT, LLC, SELENA SOTO and ANTONIO [LNU] and Does 1 through 40 are "persons" who violated or caused to be violated California Labor Code §§ 558, 1197.1, and 2699(f) and the Industrial Welfare Commission (IWC) Wage Orders.

4. Defendants DIN TAI FUNG RESTAURANT, INC., DIN TAI FUNG (SF) RESTAURANT, LLC, SELENA SOTO, and ANTONIO [LNU] are sued pursuant to California Labor Code § 558 (and other sections) and the Private Attorneys General Act (California Labor

Code §§ 2698 *et seq*.). As such, Defendants DIN TAI FUNG RESTAUANT INC., DIN TAI FUNG (SF) RESTAURANT, LLC, SELENA SOTO, and ANTONIO [LNU] are liable for penalties, which Plaintiff may seek through PAGA for herself, current and former employees, and the State of California. Some Defendant Does and Defendants DIN TAI FUNG RESTAURANT, INC., DIN TAI FUNG (SF) RESTAUARNT, LLC, SELENA SOTO and ANTONIO [LNU] are collectively hereinafter referred to as the "PAGA DEFENDANTS" as they are liable under PAGA as either the employer, or a "person" who caused the violations at issue.

5.    The core violations Plaintiff JUANA GARCIA alleges against the EMPLOYER DEFENDANTS DIN TAI FUNG RESTAURANT, INC. and DIN TAI FUNG (SF) RESTAURANT, LLC are: (1) violation of the Fair Labor Standards Act (FLSA): failure to pay all overtime wages owed; (2) failure to pay all minimum wages owed; (3) failure to pay all overtime wages owed; (4) failure to pay reporting time pay; (5) failure to provide meal periods or pay additional wages; (6) failure to provide rest periods or pay additional wages;  (7) failure to pay all wages earned at termination or resignation; (8) violation of Unfair Competition Law; (9) enforcement of the California Labor Code Private Attorneys General Act; and (10) failure to timely produce records upon request.

6.    The core violations Plaintiff JUANA GARCIA alleges against Defendants SELENA SOTO and ANTONIO [LNU] are, including but not limited to, causing the: (1) failure to pay all overtime wages owed; (2) failure to pay all minimum wages owed; (3) failure to pay all overtime wages owed; (4) failure to pay reporting time pay; (5) failure to provide meal periods or pay additional wages; (6) failure to provide rest periods or pay additional wages;  and (7) failure to pay all wages earned at termination or resignation.

7.    In addition, pursuant to the Private Attorneys General Act, Labor Code §§ 2698, *et seq*., Plaintiff JUANA GARCIA seek penalties for the underlying violations of the Labor Code on behalf of herself, the State of California and the PAGA DEFENDANTS' current and former employees. As held by the California Supreme Court in *Arias v. Superior Court*, 46 Cal.4th 969, 986 (2009), aggrieved employees have a substantive right to act as a proxy or agent of the State of

California in seeking penalties for the State and Defendants' workforce, and although these aggrieved employees are empowered to do so in a representative fashion, the class action requirements do not apply. As such, for PAGA penalty purposes only, this action is brought on behalf of the PAGA DEFENDANTS' entire past and current workforce and California's Labor & Workforce Development Agency ("LWDA") during the relevant time period covered by the statute of limitations which is one year for most PAGA penalties and three years for Labor Code §§ 203, 256, and 1197.1 predicate violations plus tolling based upon prior complaints or PAGA notices. Plaintiff has complied with the administrative requirements pursuant to PAGA by mailing notice to the LWDA and the PAGA DEFENDANTS on November 18, 2019.

8.     As a result of the violations alleged herein, all Defendants are subject to PAGA penalties, which Plaintiff JUANA GARCIA seeks in this lawsuit for herself, PAGA DEFENDANTS' current and former employees, and the State of California.   Plaintiff is an aggrieved employee within the meaning of Labor Code §§ 2698 *et seq.* and has satisfied the pre-filing requirements of PAGA. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 were satisfied by providing written notice via certified mail to all Defendants and to the LWDA, detailing the Labor Code and IWC Wage Order violations averred herein. The LWDA took no action.

9.     The EMPLOYER and PAGA DEFENDANTS have refused to pay the wages due and owed to Plaintiff JUANA GARCIA and similarly situated employees under the express provisions of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling Plaintiff and other similarly situated employees to prompt payment of wages and penalties.

10.     Plaintiff, for herself and the Class, also seeks injunctive relief requiring each Defendant to comply with all applicable California labor laws and regulations in the future and preventing the EMPLOYER DEFENDANTS from engaging in and continuing to engage in unlawful and unfair business practices.  Plaintiff also seeks declaratory relief enumerating each D EMPLOYER DEFENDANTS' violations so that the EMPLOYER DEFENDANTS and the general

public will have clarity and guidance with regards to EMPLOYER DEFENDANTS' future employment practices.

## II. **JURISDICTION AND VENUE**

11.    This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 covering claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

12.    This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

13.    This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

14.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the EMPLOYER DEFENDANTS and Plaintiff JUANA GARCIA reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

### **INTRADISTRICT ASSIGNMENT**

15.    This case is properly assigned to the San Jose Division of this Court because the action arose in Santa Clara County, California. Local Rule 120(d).

## III. **PARTIES**

### *Plaintiff*

16.    Plaintiff JUANA GARCIA is a resident of Santa Clara County, California.   At relevant times herein, she has been employed by Defendants DIN TAI FUNG RESTAURANT INC. and DIN TAI FUNG (SF) RESTAURANT, LLC as an employee at facilities owned, leased, and/or operated by Defendants DIN TAI FUNG RESTAURANT INC. and DIN TAI FUNG (SF) RESTAURANT, LLC in and around Santa Clara County, California, and has been employed by Defendants DIN TAI FUNG RESTAURANT INC. and DIN TAI FUNG (SF) RESTAURANT,

LLC as a non-exempt employee. During the relevant time period, Plaintiff JUANA GARCIA worked for Defendants DIN TAI FUNG RESTAURANT INC. and DIN TAI FUNG (SF) RESTAURANT, LLC within the County of Santa Clara as a non-exempt employee. She performed work for DIN TAI FUNG RESTAURANT INC. and DIN TAI FUNG (SF) RESTAURANT, LLC at various times during the relevant time period through the present and, among other things, was not paid appropriately over the period of her employment. Plaintiff JUANA GARCIA is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and loss of money and property.

### *Defendants*

17. The following allegations as to the Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

18. At all relevant times, DIN TAI FUNG RESTAURANT, INC., a California corporation, conducted and conducts business by operating various restaurants in California. DIN TAI FUNG RESTAURANT INC. operates restaurants in Santa Clara, Santa Monica, Torrance, Arcadia, Costa Mesa and in San Diego and maintains a business address of 1108 S. Baldwin Ave. #B4, Arcadia, California 91007. At all relevant times, DIN TAI FUNG RESTAURANT, INC. owned, controlled, or operated a business or establishment that employed persons within the meaning of IWC Wage Order 5, 8 Cal. Code of Regs. § 11050 and operated as a direct employer of Plaintiff JUANA GARCIA, and other similarly situated employees. During all relevant times alleged herein, DIN TAI FUNG RESTAURANT, INC. employed Plaintiff JUANA GARCIA and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein. Plaintiff also alleges that DIN TAI FUNG RESTAURANT INC., is a "person" who violated or caused to be violated California Labor Code §§ 558, 1197.1, 2699(f) and IWC Wage Order 5.

19. At all relevant times, DIN TAI FUNG (SF) RESTAURANT, LLC, a California Limited Liability Corporation, conducted and conducts business in Santa Clara County and

maintains a business address of 2855 Stevens Creek Boulevard 1259, Santa Clara, California 95050.

At all relevant times, DIN TAI FUNG (SF) RESTAURANT, LLC owned, controlled, or operated

a business or establishment that employed persons within the meaning of IWC Wage Order 5, 8

Cal. Code of Regs. § 11050 and operated as a direct employer of Plaintiff JUANA GARCIA, and

other similarly situated employees.  During all relevant times alleged herein, DIN TAI FUNG (SF)

RESTAURANT, LLC employed Plaintiff JUANA GARCIA and similarly situated persons as non-

exempt employees and committed in California and in this District the acts and/or caused the

violations complained of herein.  Plaintiff also alleges that DIN TAI FUNG (SF) RESTAURANT,

LLC, is a "person" who violated or caused to be violated California Labor Code §§ 558, 1197.1,

2699(f) and IWC Wage Order 5.

20.    Plaintiff is informed and believes, and based thereon, alleges that each employer

Defendant and its subsidiaries or controlled affiliated corporations, partnerships, parent companies,

subsidiaries, partners, "dbas," or agents carried out a joint scheme, business plan or policy in all

respects pertinent hereto, and the acts of these persons are legally attributable to the other employer

Defendants.

21.    At all relevant times, SELENA SOTO, an individual, conducted and conducts

business in Santa Clara County and maintains a business address of 2855 Stevens Creek Boulevard

1259, Santa Clara, California 95050. At all relevant times, SELENA SOTO conducted business in

California. Plaintiff alleges that SELENA SOTO, is a "person" who violated or caused to be violated

California Labor Code §§ 558, 1197.1, 2699(f) and IWC Wage Order 5.

22.    At all relevant times, ANTONIO (Last Name Unknown and "LNU"), an individual,

conducted and conducts business in Santa Clara County and maintains a business address of 2855

Stevens Creek Boulevard 1259, Santa Clara, California 95050. At all relevant times, ANTONIO

LNU conducted business in California. Plaintiff alleges that ANTONIO [LNU], is a "person" who

violated or caused to be violated California Labor Code §§558, 1197.1, 2699(f) and IWC Wage

Order 5.

23.    The true names and capacities, whether individual, corporate, associate, or

COMPLAINT - DEMAND FOR JURY TRIAL

otherwise, of Defendants sued herein as DOES 1 through 40, inclusive, are currently unknown to Plaintiff, who therefore sues DOES 1 through 40 by such fictitious names under Federal Rule of Civil Procedure 15(c) and California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendant designated hereinafter as DOES when such identities become known.

24.     Plaintiff and the Class bring this action pursuant to the Fair Labor Standards Act, California Labor Code and IWC wage orders, seeking unpaid minimum wages, regular wages, premium overtime wages, rest and meal period wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

25.     Plaintiff and the Class, pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*, also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned by Plaintiff and the class but retained by the EMPLOYER DEFENDANTS as a result of their failure to comply with the above laws. Plaintiff and the Class are also entitled to attorneys' fees, costs and interest pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

26.     Plaintiff also brings this action against all PAGA DEFENDANTS pursuant to the California Labor Code Private Attorneys General Act, §§ 2698 *et seq*. This act provides additional derivative remedies for all of the violations described in this Complaint. Defendants SELENA SOTO and ANTONIO [LNU] are individually liable for the violations herein alleged under PAGA and through, among other provisions, California Labor Code § 558, which provides for individual liability for all persons who violate or cause to be violated provisions of the California Labor Code and California Regulations, including IWC wage orders.

27.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint

scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant. "Defendant" herein means each of the Defendants as well as all of them.

## IV. **FACTUAL BACKGROUND**

28. This is a class action pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 23 to vindicate rights afforded Plaintiff and the Class by the Fair Labor Standards Act (29 U.S.C. §§201, *et seq*.), the California Labor Code, and California Business and Professions Code §§ 17200 *et seq*. The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the restaurant industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practices. The Defendants alleged herein serve food dishes to the general public. The unlawful practices and policies alleged are widespread and entrenched in the industry. The practices of the industry are uniform, or nearly uniform among many restaurants, at least in part due to organizations that spread improper employment practices. The following paragraphs detail specific violations of law comprising the wage-related claims applicable to Plaintiff and other similarly situated employees.

29. For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' compensation policies and their record-keeping procedures.

30. EMPLOYER DEFENDANTS failed to compensate Plaintiff and the Class for all "hours worked" and failed to pay minimum wage and overtime premium wages for work performed in violation of federal and California wage and hour laws. This includes, but is not limited to, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, and hours that were not compensated at double the regular wage.

31. Under the record-keeping policies, EMPLOYER DEFENDANTS willfully provided

9

inaccurate itemized wage statements that do not reflect all "hours worked," wages earned and applicable pay rates. EMPLOYER DEFENDANTS also failed to maintain accurate time-keeping records.

32.　　Plaintiff, on behalf of herself and the Class she seeks to represent brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 214, 216, 218, 218.6, 221, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, 1199, and 2802 and Business & Professions Code §§ 17200 *et seq.* and seeks unpaid and underpaid overtime and double time wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws.

33.　　Plaintiff JUANA GARCIA has complied with the procedural requirements detailed in Labor Code §§ 2698 *et seq.* and, therefore, also seeks civil penalties on behalf of herself, other aggrieved employees, and the State of California.

34.　　Plaintiff alleges that Defendant DIN TAI FUNG (SF) RESTAURANT, LLC is the employer with respect to Plaintiff or other similarly situated employees. Plaintiff JUANA GARCIA was employed with Defendant DIN TAI FUNG (SF) RESTAURANT, LLC from January 2019 until March 16, 2019, when she was constructively discharged.

35.　　On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiff and other similarly situated employees she seeks to represent, and intentionally refused to rectify their unlawful policies.

36.　　EMPLOYER DEFENDANTS' failure to compensate non-exempt employees for all "hours worked," failure to pay for all hours worked at the required overtime or double time premium rate, in addition to the other violations alleged above, during all relevant times herein was willful and deliberate.

37.　　EMPLOYER DEFENDANTS failed to provide timely and uninterrupted meal

periods or pay premium wages in lieu thereof. EMPLOYER DEFENDANTS also failed to provide timely and uninterrupted rest breaks or pay premium wages in lieu thereof.

38.     EMPLOYER DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due Defendants' non-exempt employees, including Plaintiff, during all relevant times herein, because they have not implemented a record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

39.     EMPLOYER DEFENDANTS have failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiff and other similarly situated employees. Plaintiff is therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action on behalf of a Rule 23 opt-out California class and as an opt-in FLSA Collective Action pursuant to 29 U.S.C. §216 (b). Plaintiff seeks to represent the following Class and Collective composed of, and defined, as follows:

**California Class**: All persons who are employed or have been employed or jointly employed by DIN TAI FUNG RESTAURANT, INC. and/or DIN TAI FUNG (SF) RESTAURANT, LLC in the State of California who, within four (4) years of the filing of the Complaint in this case, have worked as non-exempt hourly employees and were not paid all lawful wages, not provided accurate wage statements, or not paid statutory penalties; and

**FLSA Collective**: All persons who are employed or have been employed or jointly employed by DIN TAI FUNG RESTAURANT, INC. and/or DIN TAI FUNG (SF) RESTAURANT, LLC in the State of California who, within three (3) years of the filing of the Complaint in this case, have worked as non-exempt hourly employees and were not paid all lawful wages.

41.     Plaintiff may amend the above class definitions as permitted or required by this Court. This action has been brought and may properly be maintained as a class action under the provisions

of Rule 23 of the Federal Rules of Civil Procedure and FLSA because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable by means of Defendants' records.

### A. <u>Numerosity</u>

42.     The potential members of the above Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of members of the Class has not been determined at this time, Plaintiff is informed and believes that the Class consists of several hundred to several thousand employees, the vast majority of them in the State of California, in positions as non-exempt employees dispersed throughout this Judicial District, and who are or have been affected by the unlawful practices as alleged herein.

43.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  On information and belief, Plaintiff alleges the Defendants' employment records will provide information as to the number and location of the members of the Class.  Joinder of all members of the proposed Class is not practicable.

### B. <u>Commonality</u>

44.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(a)     Whether Defendants failed and continue to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201, et seq.;

(b)     Whether Defendants violated the California Labor Code and applicable wage orders by not compensating non-exempt employees for "all hours worked";

(c)     Whether Defendants violated the California Labor Code and applicable wage orders by compensating non-exempt employees at rates below the required overtime rate;

(d)     Whether DEFENDANT violated the California Labor Code and wage orders by requiring non-exempt employees to report to work and did report for work, but were not put to work or were furnished less than half their usual or scheduled day's work, and were paid less than half the usual or scheduled day's work at their regular rate of pay;

(e)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to provide daily rest periods to non-exempt employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

(f)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to provide a timely, complete, and uninterrupted meal period to non-exempt employees on days they worked in excess of five (5) hours per day without timely being provided a meal period before the fifth (5th) hour of work, and failing to compensate said employees one hour's wages in lieu of timely, complete, and uninterrupted meal periods;

(g)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to, among other violations, maintain accurate records of employees' earned wages and work periods, itemize in wage statements all hours worked and wages earned, and accurately maintain records pertaining to Plaintiff and the Class she seeks to represent;

(h)     Whether Defendants violated the California Labor Code and applicable wage orders by failing to pay all earned wages and/or premium wages due and owing at the time that any Class member's employment with Defendants terminated;

(i)     Whether Defendants violated California Business and Professions Code §§ 17200 *et seq.* by unlawfully deducting wages, or failing to pay wages to non-exempt employees and converting same to Defendants' own use; unlawfully requiring non-exempt employees to work at wage rates below the minimum wage and converting same to Defendants' own use; failing to provide rest and timely meal periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided and converting same to Defendants' own use; failing to pay wages and compensation for denied rest periods and late meal periods due and owing at the time a Class Member's employment with Defendants terminated; and failing to keep accurate records, causing injury to employees;

(j)     Whether Defendants violated Business and Professions Code §§ 17200 *et seq.* by violating the fundamental public policy underlying the California Labor Code and applicable wage orders;

(k)     Whether Plaintiff and the Class Members are entitled to declaratory, injunctive and other equitable relief pursuant to Business and Professions Code §§ 17200 *et seq*.;

(l)     Whether Defendants violated California Labor Code §§ 2698 *et seq*. by violating the California Labor Code and applicable wage orders;

(m)     Whether Plaintiff is entitled to civil penalties pursuant to California Labor Code §§ 2698 *et seq*.; and

(n)     Whether Plaintiff and the Class Members are entitled to damages, restitution, statutory penalties, declaratory, injunctive and other equitable relief, attorney's fees and costs, and other relief pursuant to the California Labor Code, the applicable wage orders, and Business and Professions Code §§ 17200, *et seq*.

### C.  **Typicality**

34.     The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### D.  **Adequacy of Representation**

35.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

### E.  **Superiority of Class Action**

36.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

37.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It

is unlikely that individual class members have any interest in individually controlling separate actions in this case. Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

38.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME WAGES

### (FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. §§ 201 *et seq.*)
(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

39.     Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

40.     On information and belief and at all relevant times, EMPLOYER DEFENDANTS have been, and continue to be, "employers" engaged in interstate "commerce" and/or in production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C §203. At all relevant times, EMPLOYER DEFENDANTS employed, and continue to employ workers, including Plaintiff and other similarly situated employees.

41.     The FLSA requires each covered employer, including EMPLOYER DEFENDANTS, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

42.     DEFENDANT EMPLOYERS routinely require and/or suffered or permitted Plaintiff and similarly situated employees to work more than 40 hours per week, and routinely without paying them all overtime premium wages for hours worked in excess of 40 hours per week.

43. At all relevant times, EMPLOYER DEFENDANTS, pursuant to its policies and practices, failed and refused to pay all overtime premiums to Plaintiff and similarly situated employees for their hours worked in excess of forty hours per week.

44. By failing to compensate Plaintiff and similarly situated employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, EMPLOYER DEFENDANTS have violated, and continues to violate, the FLSA, 29 U.S.C. §§201 *et seq*., including 29 U.S.C. §207(a)(1).

45. As a direct and proximate result of DEFENDANT EMPLOYERS' failure to pay proper wages under the FLSA, Plaintiff and similarly situated employees incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

46. DEFENDANT EMPLOYERS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and similarly situated employees their proper wages. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Thus, DEFENDANT EMPLOYERS are liable to Plaintiff and similarly situated employees for liquated damages in an amount equal to their lost wages over a three-year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

47. Plaintiff will concurrently file her signed Consent to Sue form with this complaint pursuant to § 16(b) of the FLSA, 29 U.S.C. §§216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs asserting FLSA claims in the future.

48. Plaintiff obtained legal assistance in order to bring this action on behalf of herself and other similarly situated employees, and, as such is entitled to seek recovery of attorneys' fees and costs of action to be paid by the EMPLOYER DEFENDANTS, as provided by the FLSA, 29 U.S.C. § 216(b).

49. Plaintiff seeks damages in the amount of unpaid overtime premium wages and liquidated damages as provided by 29 U.S.C. § 216 (b), interest, and such other legal and equitable relief as the Court deems just and proper.

50. WHEREFORE, Plaintiff requests relief as described herein on behalf of herself and

similarly situated employees.

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGE**
(Cal. Lab. Code §§ 1197, 1194(a), & 1194.2)

(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

51.     Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

52.     California Labor Code § 1197 states, "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

53.     EMPLOYER DEFENDANTS failed to pay Plaintiff and the Class the minimum wage for all hours worked. In particular, Plaintiff and the Class were routinely required to work prior to their scheduled shifts, during their meal periods when they were authorized and permitted and after their scheduled shifts, without compensation. For example, Plaintiff and Class Members were instructed by EMPLOYER DEFENDANTS and their agents, including Defendant SELENA SOTO, to prepare for their shifts by putting on their work/protective equipment and washing their hands prior to clocking in. This required Plaintiff and the Class to arrive at their place of work prior to their scheduled shift to don  work/protective equipment and washing their hands prior to clocking in. Plaintiff and the Class were also required to doff their work/protective equipment after clocking out for meal periods when they were authorized or permitted.  Plaintiff and Class members were then required to don their work/protective equipment and wash their hands prior to clocking in upon returning from meal periods.  Finally, Plaintiff and Class members were required to doff their work/protective equipment after clocking out at the end of their shift. This violation of California minimum wage law was substantial and occurred on a daily basis due to the EMPLOYER DEFENDANTS' employment practices.

54.     California Labor Code § 558.1 states that any employer or person acting on behalf

of an employer who causes a violation is liable, among other things, for minimum wage violations. See Cal. Labor Code § 558.1. EMPLOYER DEFENDANTS failed to pay Plaintiff and the Class the minimum wage and all Defendants are liable for causing this violation under Labor Code § 558.1.

55.     EMPLOYER DEFENDANTS have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiff and the Class for all hours worked in violation of California Labor Code § 1197.

56.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

57.     As such, Plaintiff may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

58.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission. California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

59.     As described herein, this is an action under California Labor Code § 1194 to recover wages on account of the EMPLOYER DEFENDANTS' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Wage Order 5. Therefore, Plaintiff and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

60.     WHEREFORE, Plaintiff and the Class requests relief as described herein and below

on behalf of themselves and the State of California.

## **THIRD CLAIM FOR RELIEF**

### **FAILURE TO PAY OVERTIME WAGES**
### (CAL. LABOR CODE §§ 510, 1194, 1194.2, IWC WAGE ORDER 5)

### (PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

61.     Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

62.     California Labor Code § 510 states:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

63.     The identical provision is found in the applicable IWC Wage Order 5, which is authorized under California Labor Code § 1185.

64.     IWC Wage Orders 5 establishes for restaurant workers an eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one workday or forty (40) hours in one work week is to be compensated at one and one-half (1½) times the employees' regular rate of pay. Similarly, IWC Wage Order 5 establishes that time worked in excess of twelve (12) hours is to be compensated at double the employees' regular rate of pay.

65.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

66.     As described herein, EMPLOYER DEFENDANTS violated California Labor Code § 510 and IWC Wage Order 5 by failing to pay overtime to employees who were required to work more than 8 hours in one workday or 40 hours in one work week.

19

67. As described herein, this is an action under California Labor Code §1194 to recover wages on account of EMPLOYER DEFENDANTS' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Wage Order 5. EMPLOYER DEFENDANTS are liable as the employer for failure to pay overtime wages as alleged herein. Therefore, Plaintiff and the Class are entitled to recover overtime wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

68. WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PAY REPORTING TIME PAY
(CALIFORNIA LABOR CODE § 558)

(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

69. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

70. IWC Wage Order 5 requires that on each workday that an employee reports for work, as scheduled, but is not put to work or is furnished less than half of the employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage. Wage Order 5 denominates this as "Reporting Time Pay."

71. Repeatedly over the course of her employment, on dates and occasions known better to the EMPLOYER DEFENDANTS and as will be reflected in the EMPLOYER DEFENDANTS' business records, Plaintiff and Class members have reported for work at their scheduled start time, as required by EMPLOYER DEFENDANTS, but Plaintiff and, on information and belief, Class Members were not put to work or was furnished work for less than half of their scheduled shifts.

72. EMPLOYER DEFENDANTS' failure to pay Plaintiff and Class Members pursuant to IWC Wage Order 5 is unlawful.

73. Plaintiff and the proposed Class Members are entitled to recover the premium wages

prescribed by IWC Wage Order 5 (for each scheduled or regular shift where they reported for work, as required, but were not permitted to work or for which they worked less than half of the regular or scheduled shift) in an amount of no less than two hours, nor greater than four, whichever is greater, for each occurrence, for each member of the Class.

74.     In addition to the recovery of the premium wages under IWC Wage Order 5, Plaintiff and the proposed Class Members are entitled to recover a civil penalty under Labor Code section 558, against EMPLOYER DEFENDANTS, for their violation of IWC Wage Order 5, in an amount equal to $50 for the first such violation and $100 for each subsequent violation, for each employee suffering the violation.

75.     WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REST PERIODS OR PREMIUM WAGES IN LIEU THEREOF
(CALIFORNIA LABOR CODE §§ 226.7, 558, AND IWC WAGE ORDER 5)

### (PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

76.     Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

77.     Plaintiff alleges that EMPLOYER DEFENDANTS did not provide all statutory ten-minute rest periods while in the employ of the EMPLOYER DEFENDANTS.

78.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

79.     IWC Wage Order 5 states in regard to rest breaks:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

80. Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours (and so on). For shifts lasting around 8 hours, the first rest break must occur before the meal break and the second rest break, unless other factors render such schedule impracticable.

81. EMPLOYER DEFENDANTS violated the applicable Wage Order and California Labor Code §226.7 by failing to authorize and permit the appropriate number of rest breaks, and failing to pay additional rest break wages. EMPLOYER DEFENDANTS required Plaintiff and the Class to work through their rest periods and failed to pay premium wages.

82. Plaintiff and the Class did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiff or any Class Member was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion. EMPLOYER DEFENDANTS did not permit or authorize Plaintiff and the Class to take rest periods.

83. As a result of unlawful acts, Plaintiff and the Class have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, and costs, under Labor Code §§ 203, 226, 226.7 and 1194. EMPLOYER DEFENDANTS are liable for failure to comply with §§ 226.7, 558, 1194 and IWC Wage Order 5 as alleged herein.

84. WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## SIXTH CLAIM FOR RELIEF

**FAILURE TO PROVIDE MEAL PERIODS OR PREMIUM WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§ 226.7, 512, 558, AND IWC WAGE ORDER 5)

(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

85. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth

herein.

86. On information and belief, Plaintiff and the Class were not afforded meal periods as required by California law, since they were routinely required to work during their meal periods or were interrupted, and they were not compensated for these interrupted meal periods. Plaintiff and the Class also received untimely meal periods.

87. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

88. The applicable wage order issued by the Industrial Welfare Commission is Wage Order 5. Wage Order 5 states with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

89. A similar provision is contained at California Labor Code § 512 and provides:

(a) An employer shall not employ an employee for a work period of more than

23

five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

90.     The EMPLOYER DEFENDANTS violated California law by failing to provide timely, uninterrupted meal periods mandated by Labor Code § 226.7 and Wage Order 5. As such, the EMPLOYER DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

91.     Plaintiff and the Class did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiff or any Class member were not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

92.     As a result of the unlawful acts of EMPLOYER DEFENDANTS, Plaintiff and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 5.

93.     WHEREFORE, Plaintiff and the Class requests relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

## FAILURE TO PAY ALL EARNED WAGES AT TERMINATION OR RESIGNATION

(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

94.     Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

95.     California Labor Code §§ 201 and 202 require that EMPLOYER DEFENDANTS pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation

24

from employment, if the employee has given less than 72 hours' notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.

96.    Plaintiff was constructively discharged from EMPLOYER DEFENDANTS' employ on or about March 16, 2020. Plaintiff was not paid all earned wages at the time of end of the employment relationship with EMPLOYER DEFENDANTS. On information and belief, Class Members were not paid all wages earned at the time of termination or resignation. Plaintiff alleges that EMPLOYER DEFENDANTS' custom, practice, and/or policy was not to pay for previously earned minimum, overtime, and reporting time wages, or unrecorded time spent under Defendants' control, at the time that final wages were paid.

97.    More than 30 days have passed since Plaintiff and Class members ended their employment with EMPLOYER DEFENDANTS. EMPLOYER DEFENDANTS have not paid Plaintiff and Class members all wages owed. As a consequence of the EMPLOYER DEFENDANTS' willful conduct in not paying Plaintiff and Class members all earned wages at the time her employment with EMPLOYER DEFENDANTS ended, Plaintiff and Class members are entitled to 30 days' wages as a penalty under Labor Code § 203.

98.    WHEREFORE, Plaintiff and the Class request relief as described herein and below.

### EIGHTH CLAIM FOR RELIEF

**VIOLATION OF UNFAIR COMPETITION LAW**
**(CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)**

(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

99.    Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

100.    As described in this complaint, EMPLOYER DEFENDANTS have violated, among others, the following Federal and California laws:

a.    Violations of the FLSA, 29 U.S.C. §201, et seq. by failing to pay overtime

1  compensation;

2  b.  violation of California Labor Code § 1194 (relating to failure to pay minimum
3      wages);

4  c.  violation of California Labor Code § 510 (relating to the failure to compensate at the
5      rate of no less than one and one-half times the regular rate of pay for all work in
6      excess of eight hours in one workday and any work in excess of 40 hours in any
7      workweek, or else the failure to compensate at the rate of no less than one and one-
8      half times the regular rate of pay for all work in excess of ten hours in one workday
9      and any work in excess of 6 days in any workweek);

10 d.  violation of California Labor Code § 206 by failing to pay, without condition and
11     within the time set by the applicable article, all wages, or parts to be due;

12 e.  violation of California Labor Code § 216 by willfully refusing to pay wages due and
13     payable by falsely denying the amount or validity thereof, or that the same is due,
14     with intent to secure for itself any discount upon such indebtedness, and with intent
15     to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such
16     indebtedness is due;

17 f.  violation of California Labor Code § 226 by failing to provide Class Members with
18     accurate wage statements;

19 g.  violation of California Labor Code § 226.7 by requiring Class Members to work
20     during rest periods (or not paying Class Members during breaks taken) mandated by
21     the applicable Wage Order and failing to provide said Class Members one (1) hour
22     additional wages at the non-exempt employee's regular rate of compensation for each
23     work day that the meal or rest period is not provided;

24 h.  violation of California Labor Code §§ 512, 226.7 and IWC wage orders by failing to
25     provide timely, uninterrupted, 30-minute meal periods or premiums;; and

26 i.  violation of California Labor Code § 558 (relating to the failure to pay Reporting
27     Time Pay);

28 j.  violation of California Labor Code § 201, 202 and 203 by failing to pay all wages

earned and unpaid at the time of certain Class Members' discharge from employment by EMPLOYER DEFENDANTS.

101.   EMPLOYER DEFENDANTS' activities also constitute unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because their practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff JUANA GARCIA, the Class, the public, and other similarly situated employees.

102.   Plaintiff and the Class are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

103.   As a result of their unlawful acts, EMPLOYER DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and other similarly situated employees. EMPLOYER DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  Plaintiff is informed and believes, and thereon alleges, that EMPLOYER DEFENDANTS are unjustly enriched by, among other things, requiring their employees to suffer the various labor code violations alleged.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class was prejudiced by EMPLOYER DEFENDANTS' unfair trade practices.

104.   As a direct and proximate result of the unfair business practices of the EMPLOYER DEFENDANTS, Plaintiff, individually and on behalf the Class, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and the Class as a result of the business acts and practices described herein and enjoining the EMPLOYER DEFENDANTS to cease and desist from engaging in the practices described herein.

105.   The unlawful conduct alleged herein is continuing, and there is no indication that the EMPLOYER DEFENDANTS will not continue such activity into the future.  Plaintiff alleges that

if the EMPLOYER DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully require their non-exempt employees to work without being compensated at the applicable overtime and double time rate of pay. EMPLOYER DEFENDANTS are liable as the employer based on their unlawful business practices as alleged herein.

106. WHEREFORE, Plaintiff and the Class request relief as described herein and below.

## NINTH CLAIM FOR RELIEF

**VIOLATIONS OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")**
(CALIFORNIA LABOR CODE §§ 2698, ET SEQ.)
(PLAINTIFF AGAINST ALL DEFENDANTS)

107. Plaintiff and the Class incorporate all preceding paragraphs as though fully set forth herein.

108. Plaintiff JUANA GARCIA brings this claim for herself and other current and former employees, as expressly authorized by Labor Code §§ 2699 *et seq.* PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of themselves, current and former employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for herself and other current and former employees and need not comply with class action certification requirements.

109. Plaintiff JUANA GARCIA is an aggrieved employee as defined in Labor Code § 2699(a). Plaintiff JUANA GARCIA brings this cause on behalf of herself and other current or former employees affected by the labor law violations alleged in this complaint.

110. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to the PAGA DEFENDANTS and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The Labor and Workforce Development Agency refused to timely investigate these violations.

111. Plaintiff seeks civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that

any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff, other current or former employees and the State for violations of those sections.

112.   Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

113.   Plaintiff JUANA GARCIA seeks penalties due from the PAGA DEFENDANTS on behalf of herself, other employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties due pursuant to Labor Code § 558(a) as a result of the Defendants' violation of the provisions of the Labor Code and IWC Wage Order 5.

114.   The Defendants are liable to the State of California, Plaintiff and "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint.  Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

115.   Plaintiff JUANA GARCIA, on behalf of herself and other current or former employees, request relief as described below.

116.   Defendants caused the various alleged violations by directing, authorizing, permitting and/or ratifying the violations against Plaintiff JUANA GARCIA.

### TENTH CLAIM FOR RELIEF

**FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON REQUEST**
(CAL. LAB. CODE § 226(B))

(PLAINTIFF AGAINST EMPLOYER DEFENDANTS)

117.   Plaintiff JUANA GARCIA brings this claim individually.

118.   Pursuant to Labor Code section 226(b), an employer shall afford current and former

employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

119.   Plaintiff JUANA GARCIA requested that EMPLOYER DEFENDANTS permit inspection or copying of her respective employment records pursuant to Labor Code Section 226(b). EMPLOYER DEFENDANTS failed to provide Plaintiff JUANA GARCIA with an opportunity to inspect or copy her respective employment records within 21 days of her request. See Cal. Lab. Code § 226(c). On August 13, 2019, Plaintiff JUANA GARCIA sent a Labor Code section 226 request to DEFENDANT EMPLOYERS requesting copies of her employment records. As of the date of this filing, DEFENDANT EMPLOYERS have yet to respond to Plaintiff's request.

120.   Pursuant to Labor Code Section 226(f) and (6), Plaintiff JUANA GARCIA is entitled, and hereby seeks, to recover from DEFENDANT EMPLOYERS a seven-hundred-fifty dollar ($750) penalty, civil penalties, reasonable attorneys' fees, and the costs of bringing this claim for relief.

121.   WHEREFORE, Plaintiff JUANA GARCIA requests relief as described herein and below.

## VI.   **PRAYER**

WHEREFORE, PLAINTIFF pray for judgment as follows:

a)   That the Court determine that this action may be maintained as a class and collective action with the named PLAINTIFF appointed as class representative;

b)   For the attorneys appearing on the above caption to be named class counsel;

c)   For compensatory damages in an amount according to proof with interest thereon;

d)   For a declaratory judgment that each of the DEFENDANTS violated the PLAINTIFF' and the Class Members' rights under FLSA, California Labor and Business and Professions Codes as set forth in the preceding paragraphs;

e)   That DEFENDANTS be ordered to make restitution to the Class due to their unfair competition;

COMPLAINT - DEMAND FOR JURY TRIAL

f) That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

g) For premium pay, wages, and penalties;

h) For attorneys' fees, interest and costs of suit;

i) For damages and liquidated damages;

j) For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

k) For such other and further relief as the Court deems just and proper;

l) For such other and further relief as the Court deems just and proper pursuant to the procedures detailed in Labor Code §§ 2698 *et seq*.

m) For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

n) For all provisions of the Labor code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute

### **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial of her and the Class' claims by jury to the extent authorized by law.

Dated: April 28, 2020          **MALLISON & MARTINEZ**

By: */s/ Juan Gamboa*

Stan Mallison
Hector R. Martinez
Juan Gamboa